# Lord *versus* Grow.

*No Warranty implied in Sales on Inspection.*—" Caveat emptor," *the Rule of Law in such cases.*

1. In sales of personal property *on inspection*, and where the vendee's means of knowledge are equal to the vendor's, the law does·not presume an engagement by the vendor that the thing sold is of the species or kind contemplated by the parties ; but if the article be such that the vendor is presumed to have superior knowledge in regard to it, there is a warranty that it shall be in kind as represented.

2. To the purchase of goods *on inspection*, the rule of law is " *caveat emptor.*"

[Lord v. Grow.]

3. Borrekins v. Bevan, 3 Rawle 28, qualified by Carson & McKnight v. Baillie, 7 Harris 379.

ERROR to the Common Pleas of *Susquehanna county.*

This case came into the Common Pleas by appeal from the judgment of a justice of the peace, before whom it was commenced by John Lord against F. P. Grow & Brothers. The defendants pleaded *non assumpsit,* payment, and set-off with leave, &c.

The case was this :—

On the 9th of April 1859, the plaintiff went to the defendants, who are dealers in grain, for the purpose of purchasing some seed spring wheat, for sowing. He asked F. P. Grow, one of the defendants, whether he had any good seed spring wheat. Mr. Grow answered in the affirmative. The plaintiff wished to see it, when Mr. Grow told him it was at his mill, but he would give him an order for it. He wrote an order for three bushels of wheat, the quantity desired, omitting description, which the plaintiff took to the mill, and was shown wheat, which the miller told him was the spring wheat which Mr. Grow had brought from the west. The plaintiff took the wheat which he and the miller thought was spring wheat (there being both kinds in the mill), and sowed it ; but it proved to be winter wheat, spread all over the ground, none of it heading out or coming to maturity ; so that he lost his crop, as well as his labour and the use of his ground. It was conceded that no one, upon inspection, can tell the difference between spring and winter wheat. Grow was not present when the wheat was delivered.

The plaintiff brought this action to recover damages upon the implied warranty that the wheat sold was spring wheat, and not some other kind.

On the trial, the plaintiff requested the court to charge the jury,

1. That if the jury believe from the evidence that the defendant sold the wheat to the plaintiff *as seed spring wheat,* there was an implied warranty that it *was spring* wheat, and if it was *not spring* wheat, the defendants are liable.

2. That if the plaintiff is entitled to recover, he is entitled to recover damages for the loss of his labour, and the failure of his crops.

The court below (WILMOT, P. J.) instructed the jury to find a verdict for the defendants. A verdict was rendered in accordance with this instruction, and judgment having been entered thereon, the plaintiff sued out this writ, averring here that the court below erred in not affirming the points presented on the trial, and in directing the jury to return a verdict for defendant.

*W. & W. H. Jessup,* for plaintiff.—It is in evidence that the difference between winter and spring wheat, though very mate-

[Lord *v.* Grow.]

rial in the results which flow from using them as seed, cannot be ascertained by inspection. It was purchased and sold for a purpose, to wit, for seed as spring wheat, and it is claimed that there is an implied warranty that it was of the kind sold: citing Jones *v.* Bright, 5 Bing. 533; Borekins *v.* Bevan, 3 Rawle 42; Jennings *v.* Graatz, 3 Id. 168; Shepherd *v.* Kain, 7 E. C. L. R. 82; Bridge *v.* Wain, 2 Id. 486; Borrodale *v.* Brinton, 4 Id. 202; Brown *v.* Edgington, 40 Id. 371; Shepherd *v.* Pybus, 42 Id. 482; Hastings *v.* Lavering, 2 Pick. 214; Bradford *v.* Manly, 13 Mass. 139; Williamson *v.* Allison, 2 East.

This is a case, not of deceit, but of implied warranty, and therefore there is no question of *scienter* on the part of defendants. The court were not justified, under the evidence, in taking the case from the jury.

*R. B. Little* contended that, under the facts of the case, the law of *caveat emptor* applied, citing McFarland *v.* Newman, 9 Watts 56. The court does not exercise guardianship over purchasers who, instead of requiring an express warranty, trust to their own judgment, and buy on inspection. The cases in 3 Rawle, are cases of sale by sample. See, also, Carson and MKnight *v.* Baillie, 7 Harris 375; Welsh *v.* Carter, 1 Wend. 185; Caldwell *v.* Smith, 4 Dev. & Bat. 64; Barnet *v.* Stanton, 2 Alabama 195; Salisbury *v.* Stainer, 10 Wend. 159. The difficulty in distinguishing between winter and spring wheat, furnished a strong reason for requiring an express warranty. See Hart *v.* Wright, 17 Wend. 267.

No man would willingly warrant as to *variety* in a sale like this, especially where there is no difference in value, and a warranty is not to be implied.

The opinion of the court was delivered, May 6th 1861, by

STRONG, J.—We have here the bald question whether, in sales of personal property on inspection, without express warranty, the law presumes an engagement on the part of the vendor, that the article sold is of the species contemplated by the parties. No doubt there is such an undertaking where sales are made by sample. In such cases, the vendor warrants that the bulk of the article shall correspond in kind with the sample. The tendency of the modern cases has also been to the doctrine that in sales of articles in regard to which the seller is presumed to have superior knowledge, there is a warranty that the thing sold shall be in kind what it is represented to be. Illustrations of this are found in sales of wines by wine merchants, of jewels by a jeweller, and of medicines by a druggist. In this class of cases, the buyer and the seller do not deal on equal terms. The vendor is professedly an expert. His trade invites confidence

[Lord *v.* Grow.]

in his representations, and confidence is usually reposed. So far, in modern decisions, there has been a departure from the rule laid down in Chandelor *v.* Lopus.

The case before us is not one of this character. The wheat was not sold by sample, and neither the contract of sale, nor the identity of the article, was defined by a bill of parcels. Nor was the subject of the contract a manufactured article, ordered and supplied for a particular purpose. True, the difference between spring wheat and other wheat is not ascertainable by inspection, and it may be assumed that they are not the same in species. Still, the case is one of a purchase on inspection of an article, of which the vendor's means of knowledge were no greater than those of the vendee.

Borrekins *v.* Bevan, 3 Rawle 28, which is mainly relied upon by the plaintiff in error, was a case in which it was doubtful whether the sale was or was not made by sample, or by a description in a bill of parcels. In delivering the opinion of the court, Judge Rogers used very broad language, which, however, ought to be understood as applied to the facts of that case. He said that, "in all sales there is an implied warranty that the article corresponds *in specie* with the commodity sold, unless there be some facts and circumstances existing in the cases, of which the jury, under the direction of the court, are to judge, which clearly show that the purchaser took upon himself the risk of determining not only the quality of the goods, but the kind he purchased, or where he may waive his right." If, by this, that eminent judge be understood as speaking of "all sales" by sample, or sales by bills of parcels, where the purchaser has not seen the article, and where the bill of parcels is the sole evidence of the contract, and of the identity of the thing sold, he expressed what is now the law of Pennsylvania. But that there is any such implied warranty in the ordinary case of a sale on inspection, was denied in Carson and McKnight *v.* Baillie, 7 Harris 375. There, the rule of the common law was plainly announced, "That where goods are sold on inspection, there is no standard but identity, and no warranty implied other than that the identical goods sold, and no others, shall be delivered. The name given to them in the bill is then immaterial, because faith was placed, not in the name, but in the quality and kind discovered on inspection." To the purchaser of goods on inspection, the language of the law is "*caveat emptor.*" There may be a few exceptions, such as we have referred to, but a sale of such an article as wheat is not one of them. When the purchaser has seen it, and gets what he saw, no warranty is implied that it is properly described by the name which the vendor gives to it.

The charge of the court below was therefore right.

Judgment affirmed.